IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE R. MILLER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cv-00623-RAH |
| | ) | |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

On January 12, 2026, the Court, construing Plaintiffs' objections as containing a motion for leave to file an amended complaint, ordered Plaintiffs to supplement their objections with a proposed amended complaint. Plaintiffs have now done so with a 260-page filing. (*See* doc. 29.) Defendant has also filed a response, arguing that allowing the proposed First Amended Complaint would be futile. Defendant argues that Plaintiffs have failed to show harm because they have failed to plead a causal relation between any omission in their credit reports with any adverse credit decision, that any inaccuracies in the "Last Payment Made" dates on their credit reports should be ignored because Defendant is not required to report that information, and that Plaintiffs have failed to plead sufficient facts showing damages, malice, or willful intent. Defendant also makes a passing reference that Plaintiffs' state law claims are preempted.

"Congress enacted the Fair Credit Reporting Act to ensure fair and accurate credit reporting. In pursuit of this goal, the Act imposes a host of requirements concerning the creation and use of consumer reports." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (citations and internal quotation marks omitted).

"The FCRA creates a private right of action against consumer reporting agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute." *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015). Section 1681e(b) of the FCRA states, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To establish a prima facie violation under § 1681e(b), a consumer must show that: (1) factually inaccurate information was included in their credit report; (2) the procedures the credit reporting agency took in preparing and distributing the report were not reasonable; and (3) damages followed as a result. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

The central finding in the Magistrate Judge's recommendation is that blank fields (compared to fields that contain for example, "No Data") do not equate to a factual inaccuracy or misleading omission. The Court agrees with the recommendation that a data field, merely because it is blank, does not equate to a factual inaccuracy or misleading omission, let alone a sufficient enough inaccuracy or omission to state a plausible FCRA violation claim. This is especially true where there is no allegation that a furnisher otherwise provided information to the credit reporting agency that should have been placed in that data field. Here, there is no allegation that a furnisher provided information to Defendant for the fields that Defendant otherwise left blank. An omission of that sort is not a representation of factually inaccurate or misleading information. As such, the Magistrate Judge's recommendation on that aspect of Plaintiffs' FCRA and state law claims will be adopted.

The Court notes that the proposed First Amended Complaint not only advances the same claims about the allegedly misleading nature of blank information fields, but also that Defendant has placed false, inaccurate and fabricated statements

2

on their credit reports about "Last Payment Made" dates and payments. Plaintiffs further allege that businesses reviewed and made decisions based on these inaccurate credit reports. For example, Plaintiff Miller references Stivers Ford Lincoln and Capital One Auto Finance as entities that reviewed her credit report. Plaintiff Sanders references Sallie Mae Bank as denying his efforts to consolidate his school loans at a lower interest rate and Jack Ingram Motors as reviewing his reports for auto financing. Defendant Mathis references Ally Financial, Huntington Bank, and NCC Perkins Motor Plex as denying credit that pushed her to a subprime lender at a higher interest rate. Plaintiffs then go on to speak to the willfulness of Defendant's conduct and its failure to follow reasonable procedures. From all that initially appears, Plaintiffs have addressed many of the deficiencies noted by the Magistrate Judge, and vaguely addressed by Defendant in its response, at least as it concerns the claims for alleged violations of § 1681(e)(b), §1681i, and defamation, which now include allegations about false information relating to last payments made and payment dates. Accordingly, the Court will allow the First Amended Complaint, but limited to the new assertions related to payment amounts and payment dates.

******

Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [and] sever any claim against any party." Fed. R. Civ. P. 21. In deciding whether to sever a claim under Rule 21, courts can consider, in addition to the preconditions set forth in Rule 20(a), judicial economy and efficiency, delay, case management, justice, and fundamental fairness.

Here, Plaintiffs are three individuals who have had their own individual and unique experiences with Defendant's credit reports and who have each suffered their own individualized harm. They collectively seek over $22 Million in damages. Their collective complaint is over 200 pages long, including 17 exhibits. The

3

proposed First Amended Complaint is 260 pages in length, including 200 pages of exhibits. In both pleadings, Plaintiffs jointly and broadly bring claims for violations of FCRA, the Alabama Deceptive Trade Practices Act, and defamation. No real effort is made to distinctly break out the claims and supporting facts between each Plaintiff. Instead, they are lumped together in a shotgun fashion. This pleading style makes it difficult and confusing to consider the exact statements made about the accounts and damages of each Plaintiff, all of which have distinct evidentiary proof obligations. And if it is confusing to the Court, it certainly will be confusing to the jury. In short, the efficiency gained by consolidating these actions on certain limited issues does not outweigh the risk of prejudice to Plaintiffs or Defendant, or the confusion and inefficiencies that are and will occur if the case proceeds in the current posture. Thus, for these reasons, and for case management purposes, the Court sua sponte finds that severance of all claims of the three Plaintiffs is appropriate.

Accordingly, it is **ORDERED** as follows:

(1) The Recommendation (doc. 24) of the Magistrate Judge is **ADOPTED** to the extent it recommends dismissal of all claims premised upon blank date information fields;

(2) The Objections (doc. 25), construed as including a motion for leave to file the proposed First Amended Complaint, is **GRANTED**, and therefore, the First Amended Complaint (doc. 29) is **ALLOWED** as filed except for the claims based on the blank information fields, which are hereby **DISMISSED**;

(3) The claims of the three Plaintiffs are hereby **SEVERED**;[1]

(4) The action filed by Plaintiff Hope Miller shall retain Case Action No. 3:25-cv-00623-RAH. Within fourteen (14) days of the entry of this Order, Plaintiff

---

[1]Plaintiffs are **CAUTIONED** that since none of them are licensed attorneys, they cannot represent or advocate of behalf of any other Plaintiff in these now-severed matters. Plaintiffs are nonetheless encouraged to retain legal counsel.

**Hope Miller SHALL** file an amended complaint that removes the allegations and claims advanced by Plaintiffs Raheem Sanders and Diyana Mathis and removes the claims related to the blank data information fields, which remain dismissed;

(5)     The Clerk of the Court shall assign the next case number to Plaintiff Raheem Sanders and then the next case number to Plaintiff Diyana Mathis, and in both cases, the Clerk of Court shall file the First Amended Complaint and this Order. Both new matters shall remain assigned to the same District Judge and Magistrate Judge. Further, no additional filing fee shall be required;

(6)     Within fourteen (14) days of the entry of this Order, Plaintiff **Raheem Sanders SHALL** file an amended complaint and shall remove the allegations and claims advanced by Plaintiffs Hope Miller and Diyana Mathis and remove the claims related to the blank data information fields, which remain dismissed; and,

(7)     Within fourteen (14) days of the entry of this Order, Plaintiff **Diyana Mathis SHALL** file an amended complaint and shall remove the allegations and claims advanced by Plaintiffs Raheem Sanders and Hope Miller and remove the claims related to the blank data information fields, which remain dismissed.

**DONE** on this the 19th day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE