IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

| | | |
|---|---|---|
| DIYANA MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-00111-RAH-CWB |
| | ) | |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), and files its Answer and Defenses to the Second Amended Complaint ("Complaint") filed by Diyana Mathis ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Complaint to the extent possible.

**PRELIMINARY STATEMENT**

1. Trans Union admits that on February 19, 2026, this Court severed the claims and allegations of Plaintiffs' Hope Miller, Raheem Sanders, and Diyana Mathis into three separate cases per docket entry 32. Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq,* the Alabama Deceptive Trade Practices Act*,* and for defamation. Trans Union denies all remaining allegations contained in paragraph 1 of the Preliminary Statement of the Complaint.

2. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained paragraph 2 of the Preliminary Statement of the Complaint.

3. Trans Union denies the allegations contained in paragraph 3 of the Preliminary Statement of the Complaint.

## PARTIES

1. Trans Union admits Plaintiff is a natural person. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations related to Plaintiff's residence or work history and, therefore, denies same. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union also admits that it is authorized to do business within the State of Alabama. Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Trans Union admits only that jurisdiction is proper in this Court. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Trans Union admits that this Court has supplemental jurisdiction.

5.      Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Middle District of Alabama. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

**A.      *Statutory Framework: The CARES Act and Mandatory Suspension of Federal Student Loan Obligations***

6.      The publication of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and its mandates are self-evident and speak for themselves. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7.      The publication of the CARES Act and its mandates are self-evident and speak for themselves. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

3

8.     The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 8 of the Complaint.

**B.     *Congressional Notice of Systemic Noncompliance***

9.     Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10.     Trans Union denies the allegations contained in paragraph 10 of the Complaint.

**C.     *Industry Standards: The Metro 2® Format and Trans Union's Authorship Thereof***

11.     Trans Union admits to utilizing the CDIA Metro 2 format. Trans Union admits that Metro 2 standards are documented in the Credit Reporting Resource Guide ("CRRG").  The FCRA and its legislative history, and the case law cited, are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12.     The CRRG standards are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13.     The CRRG standards are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14.     The CRRG standards are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 14 of the Complaint.

**D.      *The Disputed Tradelines and Reported Data***

15.     Trans Union denies the allegations contained in paragraph 15 of the Complaint.

**E.      *Internal Data Contradictions and Federal Servicer Proof of Falsity***

16.     Trans Union denies the allegations contained in paragraph 16 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit B-3, and, therefore, denies same.

17.     The CRRG standards are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 17 of the Complaint.

18.     Trans Union denies the allegations contained in paragraph 18 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibits S-1 and S-2, and, therefore, denies same.

19.     Trans Union denies the allegations contained in paragraph 19 of the Complaint, including all subparts. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibits S-1 and S-3, and, therefore, denies same.

20. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 20 of the Complaint.

21. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

**F.     *False Delinquency Reporting Contradicted by Federal Servicer Records***

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit S-3 and, therefore, denies same.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit S-3 and, therefore, denies same.

24. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 25 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibits S-1 and S-3, and, therefore, denies same.

26. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

**G.** *Third-Party Dissemination and Resulting Adverse Credit Actions*

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit B-3 and, therefore, denies same.

**H.** *Failure to Maintain Reasonable Procedures Under 15 U.S.C. § 168le(b)*

30. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 30 of the Complaint, including all subparts.

31. The provisions of the FCRA and the case law cited are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph under 31 of the Complaint.

**I.** *Consumer Financial Protection Bureau Dispute and Reinvestigation Failures*

The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in the unnumbered first paragraph under section I of the Complaint

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibits S-1 and S2, and, therefore, denies same.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit C and, therefore, denies same.

34. Trans Union denies the allegations contained in paragraph under 34 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit C and, therefore, denies same.

35. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph under 35 of the Complaint.

36. Trans Union denies the allegations contained in paragraph under 36 of the Complaint, including all subparts.

37. Trans Union denies the allegations contained in paragraph under 37 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit C and, therefore, denies same.

38. Trans Union denies the allegations contained in paragraph under 38 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit C and, therefore, denies same.

39. Trans Union denies the allegations contained in paragraph under 39 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit C and, therefore, denies same.

40. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph under 40 of the Complaint.

**J.** *Willfulness, Reckless Disregard, and Indicia of Malice*

41. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph under 41 of the Complaint, including all subparts.

**K.** *Violations of the Alabama Deceptive Trade Practices Act*

42. Trans Union admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with subscribers. The

Alabama Deceptive Trade Practices Act ("ADTPA") and its legislative history are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph under 43 of the Complaint, including all subparts and subparagraph.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

45. The provisions of the ADTPA are self-evident and speak for themselves. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union also admits that it is authorized to do business within the State of Alabama. Trans Union denies the remaining allegations contained in paragraph 45 of the Complaint.

**L.** *Publication of Defamatory Falsehoods with Malice*

46. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. The provisions of the Alabama Code are self-evident and speak for themselves. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations related to Plaintiff's work history and,

therefore, denies same. Trans Union denies the allegations contained in paragraph 47 of the Complaint, including its subparagraph.

49. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 49 of the Complaint, including all subparts and subparagraphs.

50. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 50 of the Complaint.

**M.** ***Damages Computation and Supporting Authorities***

51. The provisions of the FCRA and the case law interpreting it, as well as all other case law cited, are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 51 of the Complaint.

52. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 52 of the Complaint.

53. The provisions of the ADTPA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 53 of the Complaint.

54. The provisions of the Alabama Code and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. Trans Union denies the allegations contained in paragraph under 55 of the Complaint. Trans Union is without information or knowledge sufficient to form a belief as to the authenticity of Exhibit E and, therefore, denies same.

56. Trans Union denies the allegations contained in paragraph under 56 of the Complaint.

57. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 57 of the Complaint.

## COUNTS

### Count I

58. Trans Union restates and incorporates its responses to paragraphs 1 through 57 above as though fully stated herein.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

### Count II

60. Trans Union restates and incorporates its responses to paragraphs 1 through 59 above as though fully stated herein.

61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

**Count III**

62. Trans Union restates and incorporates its responses to paragraphs 1 through 61 above as though fully stated herein.

63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

**Count IV**

64. Trans Union restates and incorporates its responses to paragraphs 1 through 63 above as though fully stated herein.

65. Trans Union denies the allegations contained in paragraph 65 of the Complaint.

**Count V**

66. Trans Union restates and incorporates its responses to paragraphs 1 through 65 above as though fully stated herein.

67. The provisions of the ADTPA are self-evident and speak for themselves. Trans Union admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the allegations contained in paragraph 67 of the Complaint.

68. Trans Union denies the allegations contained in paragraph 68 of the Complaint, including all subparts.

69. Trans Union denies the allegations contained in paragraph 69 of the Complaint.

70. The provisions of the FCRA and the ADTPA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 70 of the Complaint.

**Count VI**

71. Trans Union restates and incorporates its responses to paragraphs 1 through 70 above as though fully stated herein.

72. Trans Union denies the allegations contained in paragraph 72 of the Complaint.

73. The provisions of the Alabama Code are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 73 of the Complaint.

74. The provisions of the FCRA and the case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 74 of the Complaint.

75. The case law cited is self-evident and speaks for itself. Trans Union denies the allegations contained in paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint, including all subparts.

## DEMAND FOR JURY TRIAL

Trans Union admits that Plaintiff demands a trial by jury.

## DENIAL OF ANY REMAINING ALLEGATIONS

76. Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

77. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

78. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

79. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

80. Trans Union at all times acted in compliance with the FCRA.

81. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

82. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the FCRA and state law.

83. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

84. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

85. Plaintiff failed to mitigate her alleged damages.

86. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Alabama.

87. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

88. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

89. In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

90. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

91. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

92. Plaintiff assumed the risk for any alleged damages she suffered.

93. Plaintiff's claims are barred by waiver, laches, and estoppel.

94. Plaintiff's claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

DATED:  March 16, 2026

Respectfully submitted,

*/s/ William T. Thompson*
J. Allen Sydnor, Jr.  (ASB-6517-D55J)
William T. Thompson (ASB-5600-Q45Q)
*Attorneys for Defendant, Trans Union, LLC*

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, Alabama 35243
Telephone (205) 251-1193
Facsimile (205) 251-1256
Email:        asydnor@huielaw.com
                 wthompson@huielaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

I further certify that the above and foregoing document has been forwarded via United States First Class Mail to the following party:

Diyana Mathis
ybtheknight@gmail.com
404 Brown Street
Tuskegee, AL 36083
(334) 938-9171
***Pro Se Plaintiff***

*/s/ William T. Thompson*
OF COUNSEL
